IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:13cr116

DARRELL LAMONT HARRIS

## MEMORANDUM OPINION

This matter is before the Court on the defendant's *pro se* MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (the "*Pro Se* Motion") (ECF No. 102), DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 603 OF THE FIRST STEP ACT (the "Counsel Motion") (ECF No. 107), the UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 114), and MR. HARRIS'S REPLY  TO GOVERNMENT'S RESPONSE TO HIS MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 603 OF THE FIRST STEP ACT (ECF No. 115).  For the reasons set forth below, the *Pro Se* Motion (ECF No. 102) and the Counsel Motion (ECF No. 107) will be denied without prejudice to the refiling of a THIRD RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT.

## BACKGROUND

Darrell Lamont Harris was convicted of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (interference with commerce by robbery). The Presentence Report (ECF No. 104) described the offense conduct as including brandishing a dangerous weapon and engaging in an abduction to facilitate a robbery and escape. That produced an offense level (including a victim adjustment increase) of 29. Harris had a lengthy criminal history consisting of a concealed weapons conviction, two larceny convictions, two use of firearm in the commission of a felony convictions, and four prior robbery convictions (ECF No. 104, Worksheet C). Because a number of the previous convictions were older, only the last two robbery convictions counted in the criminal history calculation, which nevertheless resulted in 6 criminal history points. Harris received two additional criminal history points because he committed the offense while serving on a period of parole on a previous robbery conviction.

The Presentence Report also determined that Harris was a career offender based on the two previous robbery convictions in Virginia. Accordingly, the offense level total was 32, the Criminal History Category was VI, and the guideline range was 210 to 262 months, but that was restricted by the statutory maximum of 240 months. Absent the career offender adjustment, the offense

level was 29 and the Criminal History Category was IV with a guideline range of 121 to 151 months.

Harris seeks compassionate release principally because he would no longer qualify for the career criminal enhancement by virtue of a change in the decisional law in the Fourth Circuit by which robbery convictions would no longer be considered predicate offenses for the career offender designation. Then, relying on the decision of the United States Court of Appeals for the Fourth Circuit in United States v. McCoy, 981 F.3d 271 (4th Cir. 2021), Harris argues that the 89-month disparity between his current sentence and the high end of the advisory guideline range if he were sentenced today, as well as his poor health constitute "extraordinary and compelling circumstances" that warrant a grant for his compassionate release. (ECF No. 107, p. 1).

## DISCUSSION

### I. The Statutory Framework

The applicable statute, 18 U.S.C. § 3582(c)(1)(A) provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that—(i) extraordinary and compelling reasons warrant such a reduction." It is settled that the burden is on Hernandez-Ordonez to prove that extraordinary and compelling conditions exist for

3

compassionate release under § 3582(c)(1)(A)(i).  <u>United States v. White</u>, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019).

As the United States Court of Appeals for the Fourth Circuit recently explained:

> Congress authorized "compassionate release" in 18 U.S.C.§ 3582(c)(1)(A). That provision begins with the general rule that a "court may not modify a term of imprisonment once it has been imposed." <u>Id.</u> It then describes an exception to that rule, in which courts may consider motions made by defendants who have exhausted their administrative remedies and are seeking a sentence modification. <u>Id.</u>; <u>see also</u> <u>United States v. Bethea</u>, 54 F.4th 826, 831 (4th Cir. 2022). A court can grant a compassionate release motion if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and (3) that the § 3553(a) factors weigh in favor of granting relief, "to the extent that they are applicable." <u>See</u> § 3582(c)(1)-(2).
>
> Elements one and two are supposed to work together. Because "[§]3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release," the "Sentencing Commission, pursuant to authority granted it by Congress," does so instead. <u>McCoy</u>, 981 F.3d at 276 (quoting § 3582(c)(1)(A)(i))). But that only works when there is an applicable policy statement. . . . Without a policy statement applicable to compassionate release motions made by defendants, the district court had discretion to make its "own independent determination of what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A) . . . ." <u>Id.</u> at 284 (cleaned up).
>
> <u>If</u> a district court <u>finds extraordinary and compelling circumstances</u> warrant a sentence reduction, it <u>must then consider whether the factors in § 3553(a) support such a decrease</u>. The

§ 3553(a) factors include "the nature and circumstances of the offense" as well as the defendant's history and characteristics, the "kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(1), (3), (6). They also include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to deter criminal conduct, to protect the public and to provide the defendant with appropriate resources such as "medical care" and "vocational training." Id. § 3553(a)(2). But district courts are only required to address the § 3553(a) factors "to the extent that they are applicable." § 3553(a).

United States v. Burleigh, 145 F.4th 541, 547-48 (4th Cir. 2025) (emphasis added).

These principles guide the analysis of Harris' MOTION FOR COMPASSIONATE RELEASE.

## II.  The Exhaustion Requirement

To begin, the Court may consider a motion for compassionate release only if the defendant has fully exhausted all administrative rights to appeal the failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request made by the defendant to the Warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). If a defendant has administratively exhausted his claim for release or the Government does not contest the exhaustion requirement, the district court will conduct an

5

inquiry to decide whether to reduce the defendant's sentence under
the statute.  United States v. Bond, 56 F.4th 381, 383 (4th Cir.
2023).   There appears to be no dispute that Harris has satisfied
the exhaustion requirement.

## III. The Statutory And Guideline Imprisonment Terms

At the time of sentencing, the statutory penalty for COUNT
ONE was 20 years to life imprisonment.  With an Adjusted Offense
Level of 29 and a Total Offense Level[1] of 32 and a Criminal History
Category of VI (by virtue of the Career Offender enhancement), the
imprisonment guideline range was 210 to 262 months.  Today, the
statutory sentence range remains the same.  However, because of
the decision in United States v. Norman, 935 F.3d 232 (4th Cir.
2019), COUNT ONE would not serve as a predicate for the Career
Offender Enhancement.  And, the previous conviction would no
longer be considered a crime of violence.  Worksheet in Response
to Motion for Compassionate Release (ECF No. 116).

Thus, the Total Offense Level would be 29, not 32.   The
Criminal History Category would be IV.  The imprisonment guideline
range today would be 121 to 151 months.  Worksheet in Response to
Motion for Compassionate Release (ECF No. 116).

---

[1] This level was set because of the Career Offender adjustment.
See Worksheet in Response to Motion for Compassionate Release (ECF
No. 116).

## IV. Extraordinary and Compelling Reasons

Harris' request for compassionate release (ECF Nos. 102 and 107) is predicated on the decision in United States v. McCoy, 981 F.3d 271 (4th Cir. 2021). In the reply brief, it is asserted that "Mr. Harris's argument is governed by United States v. McCoy." (ECF No. 115, p. 3). In McCoy, the Fourth Circuit explained that, in the absence of a policy statement (the Court of Appeals held that there was no policy statement respecting extraordinary and compelling reasons that applied to inmate filed motions), the district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d at 284. And, at the time of McCoy there was not an applicable policy statement.

Now, there is. It is § 1B1.13(b), and it provides as follows:

> (b) EXTRAORDINARY AND COMPELLING REASONS. [2] —Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>     (1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT
>     (2) AGE OF THE DEFENDANT
>     (3) FAMILY CIRCUMSTANCES OF THE DEFENDANT
>     (4) VICTIM OF ABUSE
>     (5) OTHER REASONS.— The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>     (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other

_____

[2] Subsections (1)-(4) have no application to this case so only the titles of the subsections are set out above.

than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

And, § 1B1.13(c) and (d) provide:

(c) LIMITATIONS ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

(d) REHABILITATION OF THE DEFENDANT.—Pursuant to 28 U.S.C. § 944(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(b)(1)-(6), (c), (d).

### A.    Changes In Law

Harris' principal reason for a finding of extraordinary and compelling reasons is a change in the law that results in new guidelines. But, § 1B1.13(c) provides that, except as provided in § 1B1.13(b)(6), Unusually Long Sentence, "a change in the law. . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this

8

policy statement." (emphasis added). Therefore, under the text of § 1B1.13(c), Booker's reliance on the decision in Norman does not serve to establish an extraordinary and compelling reason for compassionate relief.

However, the recent decision in Concepcion v. United States, 597 U.S. 481 (2022), although decided under Section 404 of the FSA, rather than Section 603 (the compassionate release section), teaches that, in the modification of sentences that are permitted by law, district courts have discretion to consider changes in facts and in law. In other words, in Section 404 cases, Concepcion authorizes consideration of rehabilitation evidence as well as changes in the law. There is no reason why the reasoning that produced that concept in Concepcion in Section 404 cases should not be applied in Section 603 cases.

Concepcion was decided before the most recent amendment to § 1B1.13, but, the Guidelines are advisory and the decisions of the Supreme Court are not. Therefore, because the reasoning of Concepcion, as to Section 404 motions, applies with equal force to Section 603 motions, a change in the law can provide the predicate for a finding of extraordinary and compelling reasons for compassionate release.

But, not every change in the law is sufficient to that end. And, so it is necessary to determine whether the change on which

Harris relies is a sufficient predicate for a finding of an extraordinary and compelling reason.

True, the change in law (the decision in Norman) operates to relieve Harris of the Career Offender Enhancement in calculating his Criminal History Category. Without the enhancement, Harris' Criminal History Category would be IV based on the number of countable criminal history points. And, the Career Offender Enhancement also produced an increased Adjusted Offense Level of 32 and without the Career Offense Enhancement, the Offense Level would be 29. Thus, the elimination of the Career Offender Enhancement would today produce a guideline range of 121-155 months, rather than 210-262 months.

However, Harris has a lengthy criminal history much of which was not considered in calculating his Criminal History Category because of the age of the convictions (ECF No. 104, ¶¶ 38, 39; Worksheet C). Two of those uncounted convictions were for robbery and the use of firearms in the commission of a felony. If those two convictions were counted, Harris would have a Criminal History Category of VI, apart from the Career Offender enhancement.

**B. The Health Issues**

Harris also seeks reduction because he "suffers from life-threatening and chronic health issues that impair him from everday movements and which result in frequent visits to BOP medical

clinics and outside hospitals." (ECF No. 107, p. 13; also pp. 14-15).

Harris health argument is based on the assertion that, because of a heart condition, he is at an increased risk of serious consequences should he contract COVID-19. However, as the Government points out, Harris has not shown that there exists an increased risk of contracting COVID-19 at the facility of incarceration. For example, when the Government's papers were filed "only 1 out of a total of 1,598 inmates and no staff members at FCI Gilmer had tested positive for COVID-19." (ECF No. 114, p. 17). And, 1,554 inmates and 178 staff members have been fully inoculated. Id. So, there is no merit to the COVID-19 related aspect of Harris' health-based argument.

Harris' more general health-based argument is controlled by § 1B1.13(b)(2)(B) and (C), the "Medical Circumstances of the Defendant." In pertinent part, those sections require a showing that:

> (B)  The defendant is –
>
> > (i)  suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of aging process,
>
> <u>that substantially diminishes the ability of the defendant to provide self-care</u> within the environment of

11

a correctional facility <u>and from which he or she is not expected to recover</u>.

(C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(emphasis added).

Neither party has addressed subsection (B) or (C). Nor have they addressed the precepts presented in Concepcion and its effect on the applicability of U.S.S.G. § 1B1.13. And, those matters must be considered in assessing Harris' request for compassionate release. So, the proper course is to deny the *Pro Se* Motion and the Counsel Motion without prejudice to allow all appropriate matters to be assessed.

The Government's primary argument in opposition to Harris' motions is that the Fourth Circuit's decision in <u>United States v. Ferguson</u> precludes Harris from arguing that <u>Norman</u> means that his sentence should be reduced. ECF No. 75. That argument misses the point. First, <u>Ferguson</u> does not apply to the facts here. <u>Ferguson</u> spoke to whether a defendant could use the compassionate release statute to challenge his conviction and the guidelines calculation as made at the time of his original sentencing. <u>United States v. Ferguson</u>, 55 F.4th 262, 266 (4th Cir. 2022). Harris does not attack his conviction. Nor does he argue that his guidelines were incorrectly calculated at his sentencing. Rather, he argues that, because of a change in the law (<u>United States v. Norman</u>), the

12

guidelines would now be calculated differently.[3] And, he is correct.

### CONCLUSION

For the foregoing reasons, the *pro se* MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (ECF No. 102) and DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 603 OF THE FIRST STEP ACT (ECF No. 107) will be denied without prejudice to the refiling of a THIRD RENEWED MOTION FOR COMPASSIONATE RELEASE that takes account of the current law, relevant facts, and this MEMORANDUM OPINION.

It is so ORDERED.

/s/   *REP*
_____
Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: January 20 , 2026

---

[3] The Government need not present its <u>Ferguson</u> argument in any further pleading in this case.  That argument is made here, is preserved, and is rejected.